*908 OPINION OF THE COURT
Leonard A. Weiss, J.
Petitioner, Paul Fiacco, seeks a preliminary injunction restraining and enjoining respondents pursuant to CPLR 6301 pending a determination of the underlying action for a permanent injunction, from conducting a preliminary hearing or from taking any other steps or measures to make a determination concerning petitioner’s alleged parole violations which arise out of an incident on July 15, 1979 — which incident has also resulted in criminal charges including felony accusations being made against petitioner. Petitioner requests that this court issue an order directing respondents to conduct any proceedings on the parole violation charges after completion of petitioner’s criminal trial so that petitioner will not be forced during the parole revocation proceedings to testify against himself or divulge the names of the witnesses or trial tactics which petitioner will use at the trial on the criminal charges.
Respondents oppose the motion for preliminary injunction on the grounds (1) that the preliminary hearing sought to be enjoined by petitioner was already held on August 2, 1979 and that petitioner’s application should not be construed so as to encompass that injunction against a final parole revocation hearing, and (2) that as a matter of law petitioner has not demonstrated an adequate basis for a preliminary injunction because petitioner’s present request is based on the possibility that he may be required to reveal evidence which would violate his privilege against self incrimination, his right to effective assistance of counsel, and his Fourteenth Amendment rights, if the State was allowed to proceed in accordance with the Executive Law and conduct the parole revocation hearing prior to the criminal trial arising from the same incident, without showing a reasonable probability that petitioner would be required to divulge said evidence at the parole revocation hearing. Respondents allege that the preliminary injunction sought by petitioner cannot be granted on the existence of the mere possibility of violation of constitutional rights. Respondents also allege that petitioner should not be granted a stay of the parole revocation hearing because he has three means available to him in the event he believes his constitutional rights are violated at the hearing including (1) judicial review of the revocation hearing, and/or (2) a motion to suppress the criminal prosecution, and/or (3) the assertion *909 of his Fifth Amendment right at the revocation hearing, to insure that evidence violative of his constitutional rights given at the parole revocation hearing is not introduced at the criminal trial which will follow said hearing if the relief requested on this motion is not granted. Finally, respondents allege that under the prevailing case law, petitioner should not be granted the injunctive relief requested in this motion.
Initially, this court- observes that the present motion presents a unique factual pattern distinguishable from the cases offered by respondents in that here petitioner seeks to enjoin parole revocation proceedings which can have as drastic an affect on the deprivation of his liberty as conviction after a criminal trial. In the cases offered by respondents, the party seeking the injunction against an administrative proceeding had a property right at stake, not a liberty right. In the present case, there is the reasonable probability that petitioner’s defense during the parole revocation proceedings will be very similar, if not identical, to petitioner’s defense at the criminal trial of the charges which arise from the same incident as forms the basis for the parole revocation proceedings. In effect, the court is confronted with a request by petitioner that he not be compelled to present his defense to the criminal charges prematurely during the parole revocation proceedings, which are concededly not conducted in accordance with the same safeguards to individual rights as are present during a criminal trial.
Under the unique circumstances presented by the present case, this court is of the opinion that petitioner has made a sufficient showing of reasonable probability that his constitutional rights will be irreparably impaired during the parole revocation proceedings, if these proceedings are allowed to take place before the trial of the underlying criminal action. This court does not believe that the mechanisms suggested by respondents to protect petitioner’s constitutional rights after they have been infringed during parole revocation proceedings are adequate to protect petitioner against the possibility of the Rensselaer County District Attorney being made aware of evidence which cannot be suppressed through the petitioner’s divulging evidence at the parole revocation proceedings. From a practical standpoint petitioner during the parole revocation proceedings, once the respondents have demonstrated the reasonable probability of parole violation, will be under the threat of loss of his liberty if a complete defense to the parole *910 revocation violations is not made during the parole revocation proceedings. The threat of loss of liberty during the parole revocation proceedings poses a sufficient probability of compelling petitioner to either testify, when he might not otherwise do so, or divulge other evidence of his defense in advance of the criminal trial, so as to make it reasonably probable that petitioner’s forced participation in parole revocation proceedings will cause a violation of his Fifth Amendment right against self incrimination, and Sixth Amendment right to effective assistance of counsel. Moreover, the court does not believe that granting a stay of the parole revocation proceedings until completion of the criminal trial will result in any actual prejudice to respondents.
The fact that petitioner has not shown an actual violation of his constitutional rights does not prevent this court from entertaining the preliminary injunction. In a different factual context Associate Judge Fuchsberg recently held that the granting of injunctive relief does not necessarily depend on the existence of a justiciable controversy. In Bruno v Codd (47 NY2d 582, 589) Associate Judge Fuchsberg said: "But that justiciability is not an obstacle to plaintiffs’ action does not mean that declaratory or injunctive relief necessarily is in order. Such relief is to be granted or withheld largely on the circumstances in a particular case (New York Public Interest Research Group v Carey, 42 NY2d 527, 530; Megary & Baker, Snell’s Principles of Equity [24th ed], p 583; McClintock, Equity [2d ed], § 23). The efficacy or futility of judicial intervention is also a relevant consideration in deciding whether such extraordinary relief is warranted (7A Weinstein-KornMiller, NY Civ Prac, par 6301.15).” (Emphasis added.)
Accordingly, the court will grant the preliminary injunction sought by petitioner staying conduct of any further parole revocation proceedings until after completion of the criminal trial which arises from the same incident as the parole revocation proceeding.