■ In the Matter of PAUL FIACCO, Respondent, v HUGH L. CAREY, as Governor of the State of New York, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered October 29, 1979 in Albany County, which granted petitioner's motion for a preliminary injunction. Released on parole in March of 1979, petitioner was arrested and charged with disorderly conduct, resisting arrest, assault and riot following an early morning incident in the City of Rensselaer on July 15, 1979. He thereafter received a notice of violation alleging, in part, that he had engaged in the foregoing activity contrary to the terms of his parole. Peti-

---

tioner then sought to enjoin respondents from conducting a hearing on the claimed parole violation before the underlying criminal prosecution was terminated. Special Term, agreeing with his position that continuation of the parole revocation proceedings while the criminal action remained pending would threaten the exercise of his privilege against self incrimination, granted injunctive relief. This appeal ensued. Although we are informed that subsequent negotiations have resulted in the entry of certain guilty pleas to satisfy the criminal accusations, the instant appeal should not be dismissed as moot because the issue presented is one of general importance which is likely to recur (see *People ex rel. Guggenheim v Mucci*, 32 NY2d 307, 310). In our view, the asserted constitutional dilemma voiced by petitioner does not exist. A criminal action and a parole revocation proceeding may involve the same or related facts, but they are distinct legal proceedings. A decision to testify or remain silent must be separately made in each matter and, while the choice may be influenced by the order in which they are reached for disposition, the outcome is not compelled in violation of due process standards (see *Matter of Beattie v New York State Bd. of Parole*, 39 NY2d 445; *United States ex rel. Carioscia v Meisner*, 331 F Supp 635). Requests for adjournments may afford the desired tactical benefit and denials would be subject to later judicial review. Accordingly, the order should be reversed, and the motion denied. Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur. [100 Misc 2d 907.]