OPINION OF THE COURT
David 0. Boehm, J.
On February 19, 1981 petitioner, Michael Duran, was arrested by the New York State Police and charged with operating a motor vehicle while under the influence of alcohol. Because Duran allegedly refused to submit to a breath alcohol test at that time, his license was provisionally suspended until an administrative license revocation hearing could be held (Vehicle and Traffic Law, § 1194). Two days before the scheduled hearing date this court, upon Duran’s petition, granted an order temporarily restraining the license revocation hearing.
Duran now seeks to enjoin the Department of Motor Vehicles from proceeding with the revocation hearing until such time as the legality of his arrest is tested in a suppression hearing before the Penfield Town Court where the charge is pending. Petitioner urges that unless his application is granted the commissioner will proceed to determine, among other things, whether there was probable cause for his arrest (Vehicle and Traffic Law, § 1194, *121 subd 3), and that this administrative determination will preclude him from again raising that issue in the pending Town Court action. Although conceding the likelihood of this occurring, I nevertheless find that petitioner is not entitled to the relief sought.
While this court may enjoin the performance of a statutory duty by a public authority in an appropriate case, it may not do so absent a clear legal right thereto, including a showing that irreparable injury will otherwise result (Oleshko v New York State Liq. Auth., 29 AD2d 84, affd 21 NY2d 778; Matter of Armitage v Carey, 49 AD2d 496). In this case the only “injury” threatened by the revocation hearing is that “Petitioner will be collaterally estopped from being able to raise the question of probable cause, if [administratively] decided adversely to him, at the criminal trial.” But such eventuality, even if certain to occur (and it is not), would work no prejudice to any right enjoyed by petitioner.
Collateral estoppel, or issue preclusion, is not a snare designed to trap litigants; rather, it is a doctrine of judicial economy based upon thé proposition that “where it can be fairly said that a party has had a full opportunity to litigate a particular issue, he cannot reasonably demand a second one” (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 69). While the courts are generally more cautious about resolving issues by collateral estoppel in criminal, as opposed to civil, proceedings (People v Berkowitz, 50 NY2d 333), application of the doctrine is not constitutionally prohibited as a general matter (United States v Colacurcio, 514 F2d 1; see, generally, Vestal, Issue Preclusion and Criminal Prosecutions, 65 Iowa L Rev 281). This is particularly so when dealing with suppression hearings which do not involve jury trials or proof of guilt beyond a reasonable doubt and in which hearsay is admissible to establish a material fact (People v Plevy, 67 AD2d 591; People v Scott, 93 Misc 2d 1074).
Consequently, the issue of probable cause to arrest, raised in a suppression hearing, may properly be resolved by collateral estoppel so long as the prior proceeding afforded the party to be estopped the same rights he would have enjoyed at a suppression hearing (People v Scott, *122 supra). In this regard, the rights afforded the respondent in a license revocation proceeding (including the right of appeal), compare quite favorably with those made available to the defendant in a suppression hearing (compare Vehicle and Traffic Law, § 1194, subd 3, and State Administrative Procedure Act, art 3, with CPL 710.60). Moreover, since the Department of Motor Vehicles has the burden of proving the appropriateness of revocation by a preponderance (State Administrative Procedure Act, § 306), a finding of probable cause in that proceeding would necessarily be supported by a greater quantum of proof than would be required to defeat a motion to suppress, in which the burden of persuasion is on the defendant (People v Di Stefano, 38 NY2d 640). Given these procedural safeguards, the fact that a forum is administrative rather than judicial would appear to be without significant consequence (Matter of Evans v Monaghan, 306 NY 312; Bernstein v Birch Wathen School, 71 AD2d 129).
Even so, it is not absolute that an administrative finding of probable cause be given collateral estoppel effect by the court in a suppression hearing. Application of the doctrine is not automatic, but instead requires a finding that the party to be estopped had a full and fair opportunity to establish his claim (Schwartz v Public Admininstrator of County of Bronx, 24 NY2d 65, supra; see, also, Brenon v State of New York, 31 AD2d 776).
In addition, there is also an element of discretion involved in the application of collateral estoppel to a criminal proceeding (People v Berkowitz, 50 NY2d 333, supra) and if, after the revocation proceeding has concluded, there is a reason which appears to make the exercise of collateral estoppel inequitable, it is presumed that the criminal court will take the necessary precautions to prevent injustice (cf. Oleshko v New York State Liq. Auth., 29 AD2d 84, affd 21 NY2d 778, supra; see, also, People v Werner, 55 AD2d 317).
In view of the foregoing, petitioner has failed to demonstrate the necessity for the administrative hearing to be deferred pending the conclusion of the suppression hearing in the Town Court. If, for strategic reasons, he wishes to assure that the probable cause question will be resolved in the first instance by the Town Court, he may waive his *123 revocation hearing (Vehicle and Traffic Law, § 1194, subd 3); but strategic considerations alone do not merit the relief sought here (cf. Matter of Fiacco v Carey, 80 AD2d 673).
Petitioner’s application is accordingly denied.