OPINION OF THE COURT
William H. Bristol, J.
Defendant Bohdan Lalka is charged with the misdemeanor of driving while intoxicated contrary to subdivision 3 of section 1192 of the Vehicle and Traffic Law. By this pretrial motion he seeks to have this charge dismissed in the interests of justice pursuant to CPL 170.40. He claims that the arresting police officer lacked reasonable cause to believe that the defendant had committed this crime and thus, the arrest being unlawful (see CPL 140.10), any evidence flowing from it should be suppressed and the charges dismissed.
Routinely, such applications result in a pretrial hearing pursuant to CPL 170.30 (subd 1, pars [a], [g]), 170.35 and 170.45 since the existence of reasonable cause for an arrest is a question of fact. (See People v Maksymenko, 105 Misc 2d 368, affd 109 Misc 2d 171.) However here the defendant asserts that at an administrative hearing conducted by the New York State Department of Motor Vehicles on November 30, 1981 pursuant to section 1194 of the Vehicle and *475 Traffic Law, the issue of whether there was reasonable cause to arrest the defendant for driving while intoxicated was litigated and that the hearing officer, acting on behalf of the Commissioner of Motor Vehicles (see Vehicle and Traffic Law, § 1194, subd 3, par a) ruled that the police officer lacked reasonable cause for this arrest and, therefore, that the arrest was unlawful. This ruling, the defendant claims, serves to collaterally estop the People from relitigating the issue of reasonable cause for arrest at a suppression hearing or at a hearing held in the interests of justice.
The District Attorney represents the People of the State of New York in this case. (See County Law, § 700.) Although he concedes there are instances where the doctrine of collateral estoppel may properly be used in a criminal proceeding, in this case he argues its use would be inappropriate since neither the parties nor the issues at the Department of Motor Vehicles’ hearing are the same as those involved with a suppression hearing or a hearing held in the interests of justice to test the probable cause for the arrest.
Although the doctrine of collateral estoppel applies to criminal as well as civil matters, it should not be applied “ ‘to criminal prosecutions in quite the same way as that body of doctrine is applicable to civil cases’ ”. (People v Berkowitz, 50 NY2d 333, 344.) “Care must be taken lest the rigid application of collateral estoppel principles to other areas of the law runs afoul of countervailing policies which may at times outweigh the otherwise sound reasons for preventing repetitive litigation to the greatest extent possible (see Developments in the Law — Res Judicata, 65 Harv L Rev 818, 840).” (People v Berkowitz, supra, at p 344.)
Unlike civil cases in which the rule of “mutuality of estoppel” has been cast aside (B.R. DeWitt, Inc. v Hall, 19 NY2d 141,147) it is still required that in criminal proceedings, such as the instant case, collateral estoppel will only apply “if the parties are the same (Matter of McGrath v Gold, 36 NY2d 406, 411 * * *) or are so closely related that they may be deemed as one for these purposes”. (People v Berkowitz, supra, at p 345.) This requirement is *476 based upon the policy that “society has an overwhelming interest in ensuring not merely that the determination of guilt or innocence be made, but that it be made correctly.” {People v Berkowitz, supra, p 345.) This is so “for the major function of a criminal proceeding is the conviction of the guilty and the acquittal of the innocent, not the swift resolution of some private dispute between the prosecutor and the accused.” (People v Berkowitz, supra, at p 345.)
Thus the Court of Appeals has held that “the doctrine of collateral estoppel may be used only against a party who has had a full and fair opportunity to previously litigate that same issue”. (People v Berkowitz, supra, at p 347.)
And when the court addresses the question of whether a particular party has had such a “full and fair opportunity” to litigate a particular issue: “The court must also consider the ‘realities of the [prior] litigation’, including the context and other circumstances which, although not legal impediments, may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him (see Schwartz u Public Administrator of County of Bronx, 24 NY2d 65 * * *; Parklane Hosiery Co. v Shore, 439 US 322, 330-331).” (People v Plevy, 52 NY2d 58, 65.)
Finally, as Justice David O. Boehm has so wisely written in Duran v Melton (108 Misc 2d 120,122): “In addition, there is also an element of discretion involved in the application of collateral estoppel to a criminal proceeding (People v Berkowitz, 50 NY2d 333, supra) and if, after the criminal [D.M.V.] revocation proceeding has concluded, there is a reason which appears to make the exercise of collateral estoppel inequitable, it is presumed that the criminal court will take the necessary precautions to prevent injustice (cf. Oleshko v New York State Liq. Auth., 29 AD2d 84, affd 21 NY2d 778, supra; see, also, People v Werner, 55 AD2d 317).”
This court agrees that as a general principle, given the procedural safeguards available to the defendant which are inherent in a Department of Motor Vehicles’ license revocation hearing as compared with those at a suppression hearing in a criminal proceeding, “the fact that a *477 forum is administrative rather than judicial would appear to be without significant consequence (Matter of Evans v Monaghan, 306 NY 312; Bernstein v Birch Wathen School, 71 AD2d 129).” (Duran v Melton, supra, at p 122; but see People v Klein, 76 AD2d 913, “[wjhile we disagree with Criminal Term’s finding that a decision by an arbitrator may be used to collaterally estop a subsequent criminal prosecution”.)
However, applying the guidelines set out in Berkowitz, Plevy and Duran (supra), this court holds that the decision of the Department of Motor Vehicles’ hearing officer in Matter of Lolka [sic] decided on November 30, 1981 may not be used to collaterally estop the People of the State of New York from asserting the lawful nature of the arrest in this criminal proceeding.
Before any other issue may be reached this court must determine if the parties to this proceeding are “the same * * * or are so closely related that they may be deemed as one for these purposes”. (See People v Berkowitz, supra, p 345.) Obviously the defendants are the same. With regard to the prosecuting party, superficially they appear, if not the same, at least so closely related as to be the same. However, the search for truth must pierce the surface of appearance. As William Shakespeare put it:
“Let your reason serve
“To make the truth appear
“where it seems hid,
“And hid the false seems true.”*
In the Department of Motor Vehicles’ hearing the party who brought the action was a branch of the Executive Department of the State of New York. (Vehicle and Traffic Law, § 200.) The purpose of the license revocation hearing is to ascertain whether a driver (here the defendant) should be allowed by the State to continue exercising a privilege granted to him by the State, to wit: to drive a motor vehicle on public highways. Section 1194 (subd 3, par a) of the Vehicle and Traffic Law mandates that a revocation hearing based upon an individual’s alleged refusal to submit to a chemical test for blood alcohol content *478 be held “no later than fifteen days after the date of the arraignment of the arrested person”. Thus the revocation hearing by statute is a speedy determination concerning the continuation of a statutory privilege; a guilty finding may not result in imprisonment. (15 NYCRR 124.7.)
On the other hand, the instant criminal proceeding is brought in the name of and on behalf of the People of the State of New York. Its purpose is to determine whether the defendant has committed a misdemeanor against the People of the State of New York which if properly proved would result in not merely the loss by the defendant of a State-granted privilege, but possibly the loss of a most basic constitutional and civil right — a person’s liberty. Unlike the administrative proceeding which must be ready to proceed within 15 days, the People of the State of New York are required to be ready to try the merits of this criminal case within 90 days. (CPL 30.30, subd 1, par [b].)
Departments of the executive branch of government in the State of New York are involved daily in proceedings to enforce their rules and regulations and their authorizing statutes. This is so whether it is the State Liquor Authority, the Department of State, the New York State Department of Health to name but a few. But these proceedings are not criminal in nature brought on behalf of all the People of the State. They are more in the nature of a private dispute between a citizen and a State agency; they are civil in nature. Indeed the proceedings of the Traffic Violations Bureau are specifically described as “civil in nature”. (15 NYCRR 121.2.) Thus the party that the defendant seeks to estop, the People of the State of New York, was really not a party to the proceeding brought by the Motor Vehicle Department against this defendant driver.
Moreover, even if one would consider that the People of the State of New York are so closely related to the Department of Motor Vehicles as to be deemed the same party (and this court is not so convinced), the court still must be satisfied that the People of the State of New York had a “full and fair opportunity” to litigate the issue of reasonable cause so that to estop them would not create an inequitable result.
*479 To require the People of the State of New York to be ready to participate in an administrative hearing within 15 days after arraignment or thereafter be estopped on the issue of reasonable cause for the arrest is inequitable given the realities of litigation in local criminal courts. The court deems it unfair to the People of the State of New York that the defendant could choose not to proceed at the administrative hearing, concede for the purposes of the hearing the issue of reasonable cause for the arrest and yet not have this determination used to collaterally estop him at a subsequent suppression hearing in a criminal proceeding arising out of the same incident. (See People v Plevy, 52 NY2d 58, supra.) Clearly, the requirement of what is almost an immediate revocation hearing is reflective of a policy decision made by the Legislature analogous to civil case disposition where “society’s primary interest * * * is that [the dispute between the Department of Motor Vehicles and the driver] be settled in a peaceful, orderly, and impartial manner.” (People v Berkowitz, 50 NY2d 333, 345, supra.) To those policy considerations articulated at Berkowitz this court would add a consideration that such matters be expeditiously settled so as to “conserve * * * the time and resources of the parties and the courts”. (People v Berkowitz, supra, at p 345.) Thus, considering the realities of the instant litigation and the urban, local criminal court context which is involved with this case, this court concludes that to force the People to litigate the issue of probable cause for the arrest within 15 days after the defendant’s arraignment would be inequitable to the People and would result in injustice. It would force the People to shoulder a heavier burden of proof than they would carry at a hearing in the criminal proceeding, for instead of the defendant having the burden to show the arrest unlawful (People v Di Stefano 38 NY2d 640, 652), since the adjudication bureau’s proceedings are civil in nature, the department would be required to prove by a preponderance of the evidence that the officer acted with reasonable cause. (15 NYCRR 121.2; CPL 140.10.) And it would force the District Attorney’s office to divert scarce legal resources from crowded criminal dockets in local courts to prepare cases involving noncriminal sanctions at *480 an administrative hearing in which the defendant himself could not be forced to participate. Finally, it would not promote the public policy consideration that Berkowitz articulated as that of seeking correct decisions at the expense of speedy determinations. Succinctly put, although the parties appear similar they are not. And although the People have had an earlier opportunity to litigate the issue of reasonable cause, this opportunity was anything but the “full and fair opportunity” required in order to allow the administrative hearing officer’s decision to collaterally estop the People in this criminal action.
For the foregoing reasons, therefore, this court denies defendant’s application to dismiss these charges in the interests of justice based upon an alleged lack of reasonable cause for defendant’s arrest purportedly established by the prior decision of a hearing officer. However, the defendant has requested with proper legal basis a hearing in criminal court on this issue and the court grants his request therefor.

 Measure for Measure (act V, scene 1, line 65).