■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAURICE MATTHEWS, by RICHARD GREENBERG, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered April 16, 1982 in Ulster County, which dismissed a writ of habeas corpus after a hearing. Released on parole on July 18, 1980, petitioner was arrested and charged with assault and resisting arrest on September 8, 1980. On the same date, a parole violation warrant was lodged against him, also charging him with assault and resisting arrest, plus two other violations which were later dismissed. Following a final parole revocation hearing, the parole board sustained the violations of assault and resisting arrest and ordered petitioner to serve three years before again being considered for parole. After this decision, the criminal charges pending against petitioner were dismissed. The parole board's decision was subsequently affirmed on administrative appeal. Thereafter a writ of habeas corpus was brought on behalf of petitioner, claiming denial of due process and an illegal three-year time assessment against him. Following a hearing, Special Term dismissed the writ, and petitioner has appealed. Petitioners' claim of denial of due process is based on the parole revocation hearing officer's refusal to grant him an adjournment until the criminal charges pending against him were decided. This refusal, however, did not violate any of petitioner's constitutional rights. There was no violation of his Fifth Amendment right not to testify against himself, since a criminal action and a parole revocation hearing involving the same facts are distinct legal proceedings, each requiring a separate decision as to whether to testify or to remain silent (*Matter of Fiacco v Carey*, 80 AD2d 673, 674). Nor was an adjournment necessary until after the criminal trial in order for petitioner to be able to raise defenses available to him or to seek to suppress evidence or raise any objections to identification procedures. He could have raised any available defenses at the parole revocation hearing (Executive Law, § 259-i, subd 3, par [f], cl [v]; *People ex rel. Piccarillo v New York State Bd. of Parole*, 48 NY2d 76, 79, n 2). At the parole revocation hearing, petitioner neither sought to suppress any evidence nor in any way challenged the victim's lineup identification. He did not even cross-examine complainant on her identification. Furthermore, petitioner incorrectly claims that *People ex rel. Dowdy v Smith* (48 NY2d 477) holds that an acquittal on *any* ground in a criminal action collaterally estops the board of parole from revoking parole on the basis of the same transactions. *Dowdy* actually holds only that an acquittal based on entrapment (and presumably other affirmative defenses) in a criminal action collaterally estops a parole revocation arising from the same transaction, on the basis that a defendant has a burden of proof "of a significantly lesser quantum" (*id.*, at p 484) on a

parole revocation than when establishing the same facts for an affirmative defense in a criminal proceeding. An acquittal on any other ground than an affirmative defense in a criminal proceeding does not bar subsequent revocation of parole on the underlying charges (*People ex rel. Dowdy v Smith, supra,* p 483; *People ex rel. Froats v Hammock,* 83 AD2d 745). In any event, since petitioner did not assert any affirmative defense in his parole revocation hearing, *Dowdy* is not applicable here. There were also no procedural flaws in the hearing officer's handling of the request for a postponement. An application for an adjournment of a final hearing is subject to the hearing officer's discretion (9 NYCRR 8005.17 [c]). It may be granted on the basis of pending criminal charges, but only after the hearing officer hears arguments on the application (New York State Division of Parole, Adjournment Policy, II, C, 2; Definitions, 2, [e]). Arguments were heard here, but petitioner incorrectly based his argument on the claim that *Dowdy* applied to an acquittal of any ground, not merely an affirmative defense, in a criminal proceeding. Since petitioner raised no affirmative defense, the hearing officer properly denied the adjournment. Therefore, since no constitutional violations or procedural flaws were involved in the hearing officer's denial of the adjournment, we may not overturn that determination (*People ex rel. Froats v Hammock,* 83 AD2d 745, *supra*). Petitioner's final contention is that the three-year time assessment imposed on him by the parole board was illegal. Petitioner incorrectly relies on dictum in *People ex rel. Donohoe v Montanye* (35 NY2d 221, 226) which, citing subdivision 3 of former section 212 of the Correction Law (repealed by L 1977, ch 904, § 2), states that an inmate must be considered for parole at least every two years. This statute, however, not only has been repealed, but also applied only to original release on parole, not to revocation of parole, the situation in the instant case. The applicable statute here is section 259-i (subd 3, par [f], cl [x]) of the Executive Law, which establishes conditions of parole revocation and puts no time restrictions on the parole board's discretion to "fix a date" for parole reconsideration. The parole board is authorized to establish any appropriate minimum period of incarceration before a parole violator becomes eligible for consideration for reparole (*People ex rel. Coleman v Smith,* 75 AD2d 706, 707, mot for lv to app den 50 NY2d 804). The parole board here stated in its decision notice that it imposed a three-year minimum assessment on petitioner "due to seriousness of the present violation involving an assault on a woman 50 days after release from a 6½ to 13 year sentence for the robbery of a woman, earlier convictions for robbery and assault, and history of past parole violations". This three-year time assessment was in accordance with the statute and was not an abuse of discretion. For the foregoing reasons, the judgment dismissing the petition should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.