832 P.2d 793

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Roger N. BISHOP, Defendant–Appellant.**

**No. 12836.**

Court of Appeals of New Mexico.

March 18, 1992.

Certiorari Denied May 19, 1992.

Tom Udall, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Michael E. Vigil, Marchiondo, Vigil & Voegler, P.A., Albuquerque, for defendant-appellant.

## OPINION

ALARID, Chief Judge.

This is an interlocutory appeal by defendant of the district court's order denying his motion in limine to exclude the results of certain breath tests administered to defendant. The sole issue raised by this case is whether the district court erred in refusing to give collateral estoppel effect to the findings made in a previous license revocation appeal to district court. We affirm.

## FACTS

Defendant was involved in an automobile accident resulting in the deaths of four people and the injury of three others. After the accident, breath tests were administered to defendant. The results of the tests showed blood alcohol contents of .10, .12, and .12. Defendant was subsequently charged with four counts of vehicular homicide, three counts of causing great bodily injury by vehicle, one count of driving while under the influence of intoxicating liquor, and one count of reckless driving. The state also initiated driver's license revocation proceedings.

Following the Motor Vehicle Division hearing, defendant's license was revoked for ninety days. Defendant appealed the administrative revocation to district court. On appeal, the district court relied solely on the record made at the administrative hearing to reach a conclusion with no new evidence or testimony being presented. This time, however, the state was represented by ·a special assistant attorney general. Among the findings made by the district court, it found that the "rules and regulations of the Scientific Laboratory Division require that the subject be observed continuously for a period of twenty minutes to insure that the subject does not ingest articles into his mouth, regurgitate, or smoke." The district court further found that the purpose of that requirement "is to ensure a valid test." In addition, the district court found that defendant was not observed for twenty minutes before the breath tests were administered. The district court then concluded that the "breath test given to [defendant] was not administered pursuant to the provisions of the Implied Consent Act because [defendant] was not observed continuously for a period of twenty minutes before the test was administered as required by the regulations adopted by the Scientific Laboratory Division." Based solely on a review of the administrative hearing record, the district court reversed the revocation of defendant's driver's license.

During the subsequent criminal proceedings, defendant filed a motion in limine to exclude the results of the breath tests. The basis of defendant's motion was that the state was precluded by collateral estoppel from relitigating the issue of whether the breath tests were performed pursuant to the provisions of the Implied Consent Act. Defendant further argued that, because collateral estoppel required the district court to accept the previous court's conclusion that the breath tests were not performed pursuant to the provisions of the Implied Consent Act, the state was also precluded from introducing the breath tests results in this case. The district court denied defendant's motion because it did not believe collateral estoppel applied, but it certified its order for interlocutory appeal.

## DISCUSSION

This case raises a matter of first impression in New Mexico. Specifically, defendant asks us to decide if factual or legal determinations made in a prior civil proceeding are binding on the parties in a later criminal proceeding through the application of collateral estoppel. The term "crossover collateral estoppel" has been used to describe the application of collateral estoppel from a civil proceeding to a criminal proceeding, or vice versa. *See* Susan W. Brenner, *"Crossing Over:" The Issue–Preclusive Effects of a Civil/Criminal Adjudication Upon a Proceeding of the Opposite Character*, 7 N.Ill.U.L.Rev. 141 (1987).

Other jurisdictions have allowed crossover collateral estoppel from a civil administrative proceeding to a criminal proceeding under certain circumstances. *See, e.g., People v. Sims*, 32 Cal.3d 468, 186 Cal.

Rptr. 77, 651 P.2d 321 (1982). Defendant suggests that cross-over collateral estoppel has been applied from a civil case to a criminal case in New Mexico. *See State ex rel. Sofeico v. Heffernan,* 41 N.M. 219, 67 P.2d 240 (1936). *But see Caristo v. Sullivan,* 112 N.M. 623, 818 P.2d 401 (1991) (habeas corpus proceedings are no longer properly characterized as civil proceedings). We assume, without deciding, that under the proper circumstances cross-over collateral estoppel from a civil proceeding to a criminal proceeding is permitted in New Mexico.

This case is distinguishable from the cases cited above because the underlying civil proceeding at issue in this case was an administrative license revocation hearing. The United States Supreme Court has recognized that factual determinations made in an administrative hearing may be entitled to collateral estoppel effect in a subsequent judicial proceeding. *See United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). In *People v. Sims,* the California Supreme Court held that administrative determinations may be entitled to collateral· estoppel effect in a subsequent criminal proceeding under certain circumstances. The circumstances vary widely. *See id.,* 186 Cal.Rptr. at 84, 651 P.2d at 328. We again assume, without deciding, that under the appropriate circumstances, administrative decisions can be given collateral estoppel effect in a later criminal action. However, the traditional requirements for collateral estoppel must still be satisfied.

■ Collateral estoppel bars the "relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Silva v. State,* 106 N.M. 472, 474, 745 P.2d 380, 382 (1987). For collateral estoppel to apply, the following elements must be present: (1) the party against whom collateral estoppel is asserted must be the same party or be in privity with the party to the original action; (2) the subject matter or the cause of action in the two suits must be different; (3) the ultimate facts or issues must have been actually litigated; and, (4) the issue must have been necessarily deter-

mined. *Reeves v. Wimberly,* 107 N.M. 231, 755 P.2d 75 (Ct.App.1988). However, even if the elements of collateral estoppel are otherwise met, the district court may still determine that the application of collateral estoppel would be fundamentally unfair and would not further the aim of the doctrine, which is to prevent endless relitigation of issues. *State v. Silva; Reeves v. Wimberly.* Fundamental fairness requires that the party against whom collateral estoppel is asserted be given a full and fair opportunity to litigate. *State v. Silva.* And it is the district court that is in the best position to decide whether the party against whom the doctrine is used has had a full and fair opportunity to litigate. *Id.*

■ The district court determined that it would be patently unfair to the state to bind it with determinations made in a prior license revocation hearing. The court's conclusion was based primarily on the fact that the license revocation hearing officer is not a judicial officer and the district attorney's office was not represented during the license revocation hearing. As we stated, it is the district court that is in the best position to determine whether it would be fundamentally unfair to apply collateral estoppel and, thus, whether the state had a full and fair opportunity to litigate during the license revocation hearing. *See State v. Silva.* Our review of the district court's order indicates that it was concerned that the state did not have a full and fair opportunity to litigate during the administrative license revocation hearing. The state simply was not represented during this hearing. Based on these facts, we decline to disturb the district court's determination.

Other jurisdictions have echoed the district court's concerns that the state may not have had a full and fair opportunity to litigate issues during a license revocation proceeding, and it would be unfair to preclude the state from litigating such issues. *See People v. Moore,* 138 Ill.2d 162, 149 Ill.Dec. 278, 561 N.E.2d 648 (1990); *People v. Lalka,* 113 Misc.2d 474, 449 N.Y.S.2d 579 (City Ct.1982). *See also State v. Walker,* 159 Ariz. 506, 768 P.2d 668 (Ct.App.1989)

(prior civil traffic violations hearing); *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990) (en banc) *cert. denied,* — U.S. ——, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991) (involving prior probation revocation hearing); *State v. Fritz*, 204 Conn. 156, 527 A.2d 1157 (1987) (involving prior department of consumer protection administrative hearing); *State v. Dupard*, 93 Wash.2d 268, 609 P.2d 961 (1980) (en banc) (prior probation revocation hearing). We agree that the summary nature of the typical license revocation hearing may make determinations from such a hearing inappropriate for the application of collateral estoppel. *See People v. Moore; People v. Lalka.* Moreover, because the more serious issues of criminal guilt or innocence are not at stake in an administrative hearing, the state may lack the incentive to fully litigate issues. *Id.; see also State v. Walker; Lucido v. Superior Court.* Allowing defendant to apply collateral estoppel in this case would unnecessarily force the state to be fully represented during future license revocation hearings. License revocation hearings would, in essence, become full-blown trials at which every possible issue regarding the defendant's actions would have to be fully litigated by the state. Given the inherent limitations of administrative adjudications, and the deference we must give to a district court's determination that a party did not have a full and fair opportunity to litigate, *Silva v. State*, we hold that the district court did not err in deciding that collateral estoppel was inapplicable in this case.

Moreover, we believe there are good policy reasons for not applying collateral estoppel. First, if every license revocation hearing carries with it potential collateral estoppel impact on a subsequent criminal action, the state may feel compelled to intervene in every administrative action to effectively protect its interests in some future criminal proceeding. The net effect would be to slow down what should be a summary administrative proceeding designed to handle license revocation matters quickly. *See State v. Walker; Lucido v. Superior Court; People v. Moore; People*

*v. Lalka.* In addition, we agree with those courts that recognize that the integrity of our judicial system requires adjudications of criminal guilt or innocence to be made in a judicial setting, not in an administrative hearing. *Id.; see also People v. Berkowitz*, 50 N.Y.2d 333, 428 N.Y.S.2d 927, 406 N.E.2d 783 (1980) (policy interest of making the correct decision in a criminal trial outweighs the collateral estoppel interest of saving judicial resources).

Despite defendant's urging to the contrary, our review of the administrative hearing does not indicate that the hearing officer acted so much like a prosecutor that the state was in essence represented by counsel. Moreover, the fact that the state was represented by a special assistant attorney general during defendant's district court appeal of the administrative decision carries little weight. By that point in the proceeding, the underlying factual record had been made at the administrative hearing, at which the state was unrepresented. *See In re Gober*, 85 N.M. 457, 513 P.2d 391 (1973) (the district court appeal is confined to the record of the administrative proceeding and is not a trial de novo). We note that another California case relied upon by defendant, *Gonzalez v. Municipal Court*, 196 Cal.App.3d 331, 242 Cal.Rptr. 60 (1987), was ordered not officially published by the California Supreme Court and therefore has no precedential value. *See* Cal.Rules of Court, Rule 977 (West 1991).

■ We also reject defendant's contention that this case raises matters of double jeopardy. The license revocation proceeding did not place defendant in jeopardy. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984); *Ellis v. Pierce*, 230 Cal.App.3d 1557, 282 Cal.Rptr. 93 (1991). Thus, double jeopardy is not at issue here, and only traditional notions of collateral estoppel are properly at issue. *Id.* Accordingly, for the foregoing reasons, we affirm the district court's decision not to apply collateral estoppel in this case. Based on our disposition of this case, we

need not address the other arguments raised by the parties.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.