This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                  **NO. 30,139**

**MANUEL TORRES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Gary K. King Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

The State appeals the district court's order excluding Defendant's breath alcohol test. The sole issue in this appeal is whether the district court erred in ruling that collateral estoppel precluded the State from introducing the results of Defendant's breath alcohol test based on a hearing officer's determination that the results were inadmissible during a license revocation hearing. We reverse the order of the district court excluding the results of the breath alcohol test and remand to the district court for further proceedings.

**BACKGROUND**

Defendant Manuel Torres was charged on September 22, 2008 in the Taos County magistrate court with (1) aggravated driving under the influence of intoxicating liquor in violation of NMSA 1978, Section 66-8-102(A), (D)(1) (2008) (amended 2010), and (2) criminal damage to property, in violation of NMSA 1978, Section 30-15-1 (1963). Pursuant to the Implied Consent Act, NMSA 1978, Sections 66-8-105 to -112 (1978, as amended through 2007), Defendant was served with a notice of license revocation. The Motor Vehicle Division (MVD) held a telephonic license revocation hearing, pursuant to Section 66-8-112. At the license revocation hearing, Defendant challenged the admissibility of a breath alcohol test based on the assertion that the arresting officer failed to verify that his mouth was free of foreign substances for twenty minutes before administering the test. The hearing officer

rescinded the revocation of Defendant's license, finding that the officer failed to present evidence that he looked into Defendant's mouth or asked questions to verify that Defendant's mouth was free of foreign substances, thereby violating the Scientific Laboratory Division (SLD) regulations that require verification as a necessary foundational requirement for administering a breath alcohol test.

The magistrate court subsequently convicted Defendant, and he appealed his conviction to the district court. While his appeal was pending in district court, Defendant mistakenly filed a motion-in-limine in magistrate court, arguing that collateral estoppel precluded the State from introducing the results of the breath alcohol test because the MVD hearing officer determined that it was inadmissible during the license revocation hearing. After amending the motion and refiling it in the district court, the district court orally granted the motion-in-limine after a hearing and subsequently entered an order stating "the State is precluded from re-litigating the admissibility of the breath alcohol tests, and therefore, orders: [t]hat the [b]reath [a]lcohol [t]est may not be admitted at trial." Pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972), the State filed a timely appeal of the order excluding the breath alcohol test results.

**STANDARD OF REVIEW**

We review the district court's application of collateral estoppel under an abuse

of discretion standard. *Shovelin v. Cent. N.M. Elec. Co-op., Inc*., 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

**APPLICATION OF COLLATERAL ESTOPPEL**

Collateral estoppel prevents the "relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Silva v. State*, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987), *limited on other grounds by Archibeque v. Moya*, 116 N.M. 616, 618, 866 P.2d 344, 346 (1993). Under the proper circumstances, collateral estoppel may be permitted in a criminal proceeding as to issues necessarily determined in a civil proceeding. *State v. Bishop*, 113 N.M. 732, 734, 832 P.2d 793, 795 (Ct. App. 1992). Four elements must be met to establish a prima facie application of collateral estoppel: (1) the party against whom collateral estoppel is asserted must be the same party or in privity to the party in the original action, (2) the subject matter or the cause of action in the two proceedings must be different, (3) the ultimate issues must have been actually litigated, and (4) the issue must have necessarily been determined. *Id.* Even when a prima facie application of collateral estoppel is made, the district court may determine that the application of the doctrine would be fundamentally unfair to the party against whom it is asserted if the prior proceeding did not provide a full and

4

fair opportunity to litigate the issue. *Id.*; *see also Deflon v. Sawyers*, 2006-NMSC-025, ¶ 14, 139 N.M. 637, 137 P.3d 577 ("The main concern is that a party against whom collateral estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior action."). The party opposing the application of collateral estoppel has the burden to show that the prior proceeding did not provide a full and fair opportunity to litigate once a prima facie showing is made. *Padilla v. Intel Corp.*, 1998-NMCA-125, ¶ 9, 125 N.M. 698, 964 P.2d 862.

The district court concluded that the Motor Vehicle Division and the Taos district attorney's office were identical parties for purposes of collateral estoppel because "'the State of New Mexico is the State of New Mexico, it doesn't matter what department is pursuing an action, it is the State of New Mexico.'" However, our previous case law does not support the conclusion that different agencies of the state are necessarily identical parties for purposes of collateral estoppel. *See Albuquerque Police Dep't v. Martinez,* 120 N.M. 408, 415, 902 P.2d 563, 570 (Ct. App. 1995) (holding that the Albuquerque police department and district attorney's office are identical parties "in the circumstances presented by this case" only after concluding that both "have like interests in imposing punitive sanctions for violation of the [s]tate's criminal laws"). While we have stated that the "general rule is that litigation by one agency is binding on other agencies of the same government" there are

"exceptions . . . if there are important differences in the authority of the respective agencies." *Id.* at 414, 902 P.2d at 569 (internal quotation marks and citation omitted). We must therefore determine whether the State agency that was a party in the license revocation hearing, the Motor Vehicle Division, and the Taos district attorney's office had sufficiently similar interests and purposes in the respective proceedings.

As our Supreme Court stated in *Maso v. State Taxation & Revenue Department*, 2004-NMSC-028, ¶ 12, 136 N.M. 161, 96 P.3d 286, a "license- revocation proceeding is distinct from a criminal trial for driving under the influence." The purpose of license revocation proceedings is to protect the public by the prompt removal of drivers who drive under the influence. *Id.* They are conducted by a hearing officer from the Motor Vehicle Division, an agency only vested with power to administer and enforce the Motor Vehicle Code. *See* NMSA 1978, § 66-2-3(A) (2007). In contrast, the "central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence." *State v. Alvarez-Lopez*, 2004-NMSC-030, ¶ 57, 136 N.M. 309, 98 P.3d 699 (Serna, J., concurring in part, dissenting in part) (internal quotation marks and citation omitted). The district attorney is elected by voters to make prosecutorial decisions in the best interests of the people of the state. *State v. Brule*, 1999-NMSC-026, ¶ 14, 127 N.M. 368, 981 P.2d 782. Given the differing purposes of the revocation proceedings and criminal trials, and the intended summary

6

nature of the license revocation hearings, we do not believe that the parties in Defendant's license revocation hearing and criminal trial were identical parties or in privity for the purposes of collateral estoppel. Indeed, this Court has already stated that "[t]he [S]tate simply was not represented during this [license revocation] hearing" in addressing a contention that collateral estoppel applies to a determination on the admissibility of breath alcohol tests made in a license revocation hearing in a subsequent criminal prosecution. *Bishop*, 113 N.M. at 734, 832 P.2d at 795. The district court therefore abused its discretion in finding that Defendant made a prima facie showing of collateral estoppel.

Even assuming Defendant made a prima facie showing of collateral estoppel, this Court has previously determined that applying collateral estoppel to a determination in a license revocation hearing that SLD regulations were violated, and therefore a breath alcohol test is inadmissible, in a subsequent criminal prosecution is fundamentally unfair to the State. *Bishop*, 113 N.M. at 734-35, 832 P.2d 795-96. In *Bishop*, this Court determined that the summary nature of the typical license revocation hearing may prevent the state from having a full and fair opportunity to litigate issues during the hearing. *Id.* at 735, 832 P.2d at 796. Additionally, we noted that "because the more serious issues of criminal guilt or innocence are not at stake in an administrative hearing, the state may lack the incentive to fully litigate issues."

7

*Id.* We expressed concern in *Bishop* that applying collateral estoppel in such situations would unnecessarily force the state to be represented in license revocation hearings and would lead to revocation hearings becoming "full-blown trials at which every possible issue regarding the defendant's actions would have to be fully litigated." *Id.* These concerns regarding the full and fair opportunity of the state to litigate the admissibility of the breath alcohol tests expressed in *Bishop* are identical to this case. The record indicates that Defendant's license revocation hearing was held telephonically, and, although the arresting officer testified, no one from the Taos district attorney's office was present. Additionally, a license revocation hearing is a "summary administrative proceeding designed to handle license revocation matters quickly." *Maso*, 2004-NMSC-028, ¶ 12 (internal quotation marks and citation omitted). We therefore conclude that the district court abused its discretion by applying collateral estoppel in light of our decision in *Bishop*.

Moreover, this Court in *Bishop* stated that "we believe there are good policy reasons for not applying collateral estoppel" in this context. 113 N.M. at 735, 832 P.2d at 796. First, we expressed concern that applying collateral estoppel would slow down what is meant to be a summary administrative hearing because the state "may feel compelled to intervene in every administrative action to effectively protect its interests in some future criminal proceeding." *Id.* Second, we recognized "that the

8

integrity of our judicial system requires adjudications of criminal guilt or innocence to be made in a judicial setting, not in an administrative hearing." *Id.* These policy reasons support our conclusion that the district court abused its discretion in finding that collateral estoppel applied to findings in the license revocation hearing and that the breath alcohol test was inadmissible precluded use in the subsequent criminal prosecution of Defendant.

**CONCLUSION**

Because we hold that the district court abused its discretion in applying collateral estoppel as to the admissibility of the breath alcohol test, we reverse and remand to the district court for further proceedings.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**



_____
**LINDA M. VANZI, Judge**