This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JACKIE THEOBALD,**

    Petitioner-Appellant,

**v.**                                                                  **NO. 31,798**

**STATE OF NEW MEXIO TAXATION and REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Victor A. Titus
Farmington, NM

for Appellant

Gary K. King, Attorney General
Julia Belles, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Jackie Theobald (Appellant) has appealed from the revocation of her driver's license. We issued a notice of proposed summary disposition on October 11, 2012, proposing to reverse and remand for further proceedings. On October 25, 2012, Respondent-Appellee (the MVD) filed a memorandum in support of our proposed summary disposition. Appellant has filed no response in opposition, and the time for doing so has passed. We therefore adhere to the analysis previously proposed.

On November 2, 2012, possibly in lieu of a response in opposition, Appellant filed a document entitled "motion to dismiss," in which we understand her to request that this Court conclusively resolve the license revocation proceedings in her favor, based on principles of collateral estoppel. The MVD filed a response in opposition on November 9, 2012. After due consideration, we conclude that the motion is not well taken.

As an abstract proposition, collateral estoppel may apply. *See generally Albuquerque Police Dep't v. Martinez (In re Forfeiture of Fourteen Thousand Six Hundred Thirty Nine Dollars) ($14,639)*, 120 N.M. 408, 414-15, 902 P.2d 563, 569-70 (Ct. App. 1995) (holding that collateral estoppel may preclude civil relitigation of issues resolved in prior criminal trial). However, on the record before us, it is unclear whether all of the elements are satisfied. *See id.* at 414, 902 P.2d at 569 (observing

that in order for collateral estoppel to apply, the parties must be the same or in privity, the subject matter of the actions must differ, the ultimate facts or issues must have actually been litigated, and the issue must necessarily have been determined). Moreover, "even if the elements of collateral estoppel are otherwise met, the [MVD and/or] district court may still determine that the application of collateral estoppel would be fundamentally unfair[.]" *State v. Bishop*, 113 N.M. 732, 734, 832 P.2d 793, 795 (Ct. App. 1992). It would be inappropriate for this Court to make such a determination in the first instance. *See id.* (indicating that the lower courts are generally in the best position to evaluate fundamental fairness, in this context). Finally, we observe that even if collateral estoppel principles could ultimately be said to properly apply, this matter would still have to be remanded, insofar as the MVD might have other evidence that could sustain the revocation of Appellant's license. *See, e.g.*, *Albuquerque Police Dep't*, 120 N.M. at 415, 902 P.2d at 570 (remanding for further proceedings, notwithstanding the fact that collateral estoppel principles precluded the admission of evidence previously held to have been unconstitutionally seized, on grounds that other evidence might support forfeiture).

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse and remand to the MVD for further proceedings.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**